CLD-254                                         NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 11-2668
_____

In Re:  MARKEITH JOHN WEBB,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 09-cr-00755)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
**August 4, 2011**
Before:  RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 31, 2011)
_____

OPINION
_____

PER CURIAM

       Petitioner Markeith John Webb, proceeding pro se, has filed a writ of prohibition, alleging that the United States District Court for the Eastern District of Pennsylvania improperly denied his motions for a judgment of acquittal and for a new a trial, pursuant to Federal Rules of Criminal Procedure 29 and 33 ("Rule 29/33 motion"), respectively. For the reasons that follow, we will deny Webb's petition.

       Webb filed the Rule 29/33 motion after a jury convicted him of the charges in the indictment, which arose out of an armed bank robbery.  The District Court denied the

1

motion, finding that (1) the government's evidence sufficiently established Webb's guilt beyond a reasonable doubt on all counts, see Fed. R. Crim. P. 29; United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005), and (2) the interest of justice did not require a new trial, see Fed. R. Crim P. 33(a). Webb filed a notice of appeal from the District Court's denial, docketed in this Court at C.A. No. 11-1981, and later filed the instant petition for a writ of prohibition. He seeks a hearing on his Rule 29/33 motion, or in the alternative, an order from this Court granting that motion.

A writ of prohibition is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking this relief must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).

Webb has not shown that he is entitled to relief. He seeks review of the District Court's order. A writ of prohibition is not an appropriate remedy because Webb may seek review through an ordinary appeal. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990). As noted above, Webb has filed such an appeal. This Court stayed the appeal pending entry of judgment in the District Court. The court entered judgment on July 7, 2011, and counsel filed an amended notice of appeal on July 15, 2011. To the extent that Webb is asking this Court to rule on his appeal in C.A. No. 11-1981, we will do so in due course separately.

Accordingly, we will deny the petition for a writ of prohibition.

2